POLYCAST CORPORATION *v.* LOCAL 8-102, OIL, CHEMICAL AND ATOMIC WORKERS INTERNATIONAL UNION, A.F.L.–C.I.O.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE NO. 8382
AT STAMFORD

Memorandum filed June 15, 1965 [1]

---

[1] Publication of this decision was determined upon after its use as precedent in subsequent cases.

*Cummings & Lockwood,* of Stamford, for the plaintiff.

No appearance for the defendant.

PASTORE, J. Plaintiff makes application for an order modifying or, in the alternative, vacating an arbitration award. Respondent local, failing to appear on May 28, 1965, although duly served to do so, was on said date defaulted for its failure to appear, and the applicant was then heard ex parte.

The parties submitted the following issue to the arbitrator: "Was employee James Epps disciplined for just cause under the terms of the labor agreement dated March 24, 1964? If not, what shall the remedy be?" The award of the arbitrator was as follows: "Mr. James Epps was not disciplined for just cause under the terms of the labor agreement dated March 24, 1964. The Board instructs the Company to offer Mr. Epps his job back with the Company. There will be no back pay in this case."

The Superior Court may vacate an award "if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." General Statutes § 52-418 (d). "The charter of an arbitrator is the submission, and no matter outside the submission may be included in the award. . . . '[T]he basic test of the validity of an award lies in the conformity to the submission.'" *New Britain Machine Co.* v. *Lodge 1021,* 143 Conn. 399, 404. From an analysis of the award, it seems clear that it is inconsistent in itself and hence ambiguous, and that it went beyond the submission and hence exceeded the power of the arbitrator.

Granting a court may not review an award on its merits, it may look to the opinion accompanying it to determine whether the arbitrator has been un-

faithful to his obligation under the contract or submission. *Hudson Wire Co.* v. *Winsted Brass Workers Union,* 150 Conn. 546, 553; *American Brass Co.* v. *Torrington Brass Workers' Union,* 141 Conn. 514, 522. In the "Discussion" of the arbitrator which accompanies the award, it is stated: "On the other hand, Mr. Epps was not blameless in this situation, and he will not be given a total remedy." In this there is an express recognition that Epps was not blameless. Moreover, the forfeiture of pay imposed in the award upon him by the arbitrator is of a substantial and material character, being from November 13, 1964, to April 27, 1965. It follows that the determination of the arbitrator shows there was just cause for disciplining Epps, at least to some extent, and that the award that Epps "was not disciplined for just cause" is inconsistent therewith. Cf. *Textile Workers Union* v. *American Thread Co.,* 291 F.2d 894.

Furthermore, under the submission there would be no occasion to consider the second part of it, relating to what the remedy shall be, in the event the first part were answered in the affirmative. If Epp's misconduct were found to have merited at least some disciplining, then the award should have been to the effect that Epps was disciplined for just cause, and there would be no operative issue as to what the remedy should be. The consideration of what the remedy should be under these circumstances went beyond the scope of the submission and exceeded the arbitrator's powers.

The implications of the forfeiture of the pay declared by the arbitrator upon the issue as to whether there was just cause for disciplining Epps make it not appropriate, in the opinion of this court, to declare invalid merely the part of the award relating to the pay forfeiture.

The inconsistency inherent in the award and the ambiguity it introduces upon the issue of the just cause for disciplinary action compels the court to conclude that the arbitrator exceeded its powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

The award is accordingly vacated.